UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | 2:08-CR-00058-RLJ |
| vs. | ) | 2:14-CV-00007-RLJ |
| | ) | |
| LESLIE BEALS, | ) | |
| | ) | |
| Defendant | ) | |

**MEMORANDUM OPINION**

Defendant Leslie R. Beals ("Beals") has filed a motion pursuant to 28 U.S.C. § 2255 ("§ 2255") [Doc. 434]. The United States has responded to the motion, objecting to Beals's requested relief. [Doc. 445]. The matter is now ripe for the Court's resolution.

**I.  BACKGROUND**

Beals was indicted for one count of conspiring to distribute and possess with the intent to distribute at least 50 grams of methamphetamine and at least 500 grams of a mixture containing methamphetamine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), one count of conspiring to manufacture at least 50 grams of methamphetamine and at least 500 grams of a mixture and substance containing methamphetamine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), and one count of possessing chemicals, equipment, products, and materials used in the manufacture of methamphetamine in violation of 21 U.S.C. § 843(a)(6). [Doc. 169, *Superseding Indictment*]. If convicted, Beals faced a mandatory minimum term of imprisonment of 120 months on count one and two, and a maximum of term of imprisonment of 120 months on count three. A total of

1

forty-nine defendants were ultimately charged through five separate indictments.[1]  Only Beals and one co-conspirator, Bobby Ambrose, opted to proceed to trial.  *United States v. Beals*, 698 F.3d 248, 258 (6th Cir. 2012).  They were tried jointly, and at the conclusion of the five-day jury trial, Beals was found guilty all of three counts [Doc. 245].

A Presentence Report ("PSR") estimated that Beals was responsible for 192 grams of actual methamphetamine.  This translated into a base offense level of 34. PSR ¶ 34.   It then enhanced the base offense level by three levels for manufacturing methamphetamine in a location that involved a substantial risk of harm to life and/or the environment.  PSR ¶ 35; *see* U.S.S.G. § 2D1.1(b)(13)(C)(ii).  As Beals proceeded to trial, he was not eligible for the three level reduction for acceptance of responsibility.  *See* U.S.S.G. § 3E1.1.  Based on a total offense level of 37 and a criminal history category of III, the PSR calculated Beals' advisory Guideline Range to be 262 to 327 months. PSR ¶ 73.

Beals filed numerous objections to the PSR [Doc. 386].  He challenged the drug quantity, claimed he played a minor role in the offense, challenged the specific offense enhancement under U.S.S.G. § 2D1.1(b)(13)(C)(ii).  He also argued for a criminal history category of I, concluding that, with these adjustments, his advisory Guideline Range was 78-97 months. [Doc. 386-1, pg. 2].  He also argued that the District Court should avoid unwarranted sentencing disparities as among the defendants in Beals' indictment.  *Id.* The District Court addressed each of these objections at the sentencing hearing and overruled each of them.  [Doc. 423, *Transcript of Sentencing Hearing*, pg. 2-28].  The Court found that based on an offense level of 37 and a criminal history category of III, Beals faced an advisory Guideline Range of 262–327 months and a mandatory minimum term of imprisonment of ten years.  *Id.* at 28.  While the District Court was

---

[1] The case numbers are as follows: 2:08-cr-17, 2:08-cr-39, 2:08-cr-58, 2:08-cr-80, 2:08-cr-96.

considering the factors outlined in 18 U.S.C. § 3553, the Court mentioned that Beals "did have a firearm." However, Beals attorney immediately advised the Court that "[t]here was no firearm involved in this." The Court accepted that and stated: "All right. That's good." *Id.* at 31. The District Court granted Beals a variance from his advisory guideline range and sentenced him to a total effective sentence of 180 months. *Id.* at 38; see also [Doc. 389, *Judgment*]. Beals timely filed his Notice of Appeal. [Doc. 390].

On appeal to the Sixth Circuit Court of Appeals, Beals argued the evidence presented at trial was insufficient to establish one overall conspiracy as opposed to smaller, multiple conspiracies. *Beals*, 698 F.3d at 258. He contended that this discrepancy constituted a fatal variance in the proof. He further asserted that a lack of proof existed regarding the count of possession of equipment used to manufacture methamphetamine. *Id.* at 261. The Sixth Circuit rejected both of these contentions, finding that sufficient evidence existed to permit the jury to find the existence of a single drug conspiracy, as well as to find him guilty of possessing equipment used to manufacture methamphetamine. *Id.* at 259-61. Beals thereafter timely filed this § 2255 motion [Doc. 434].

## II. STANDARD OF REVIEW

A prisoner in federal custody may file a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Relief under § 2255 is limited, however, to: (1) errors involving lack of jurisdiction; (2) constitutional violations; and (3) those non-constitutional errors constituting "fundamental defect[s] which inherently result[] in a

3

complete miscarriage of justice." *Reed v. Farley*, 512 U.S. 339, 348-49 (1994) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)); *see also United States v. Addonizio*, 442 U.S. 178, 185 (1979). To prevail on a § 2255 motion, the prisoner must show that the error had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993); *see Humpress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005).

Sentencing challenges that are not made on direct appeal are generally waived and cannot be raised for the first time in a § 2255 motion. *Cole v. United States*, No. 10-4029, 2013 WL 6068030, at *1 (6th Cir. Jan. 25, 2013); *see Weinberger v. United States*, 268 F.3d 349, 351 (6th Cir. 2001). A failure to raise a claim on direct appeal results in a procedural default of that claim. *Peveler v. United States*, 269 F.3d 693, 698 (6th Cir. 2001). However, sentencing challenges are permitted for review as part of a successful ineffective assistance of counsel claim. *Id.* To obtain review of a defaulted claim in a § 2255 motion, the prisoner must show cause to excuse the failure to raise the claim previously and actual prejudice resulting from the alleged violation. *Bousley v. United States*, 523 U.S. 614, 622 (1998). The two-step review is not always necessary; if the prisoner fails to establish cause, it is unnecessary to determine whether prejudice exists from the alleged violation. *Id.*

## III. ANALYSIS

In his § 2255 motion, Beals raises two arguments: (1) he was sentenced to a term of imprisonment significantly higher than the majority of those in the conspiracy, constituting a disproportionate punishment as a direct result from him choosing to exercise his right to a jury trial, and (2) this Court was under an incorrect impression that a firearm was found or attributed to him, which was used as an enhancement for sentencing purposes.

In response, the Government asserts that these claims are procedurally defaulted because Beals failed to raise either ground on direct appeal despite the ability to do so. Further, it contends, the arguments are not cognizable because the challenge to Beals's sentence does not involve jurisdictional or constitutional concerns. Finally, the Government asserts, the arguments he advances are meritless. It notes that Beals was not subject to any firearms enhancement, and the sole fact that he may have received a sentence longer than some of his co-defendants does not establish that it was excessive or disproportionate. Nor can Beals establish a violation of 18 U.S.C. § 3553(a)(6) because it is focused on national disparities as opposed to between co-defendants.

Beals is challenging his sentence for the first time despite having filed a direct appeal. On appeal, he only challenged the sufficiency of the evidence that was used to convicted him, despite the fact that these arguments were available to him to be raised. *See Beals*, 698 F.3d at 258. As Beals is not alleging ineffective of counsel, these claims are procedurally defaulted. *Peveler*, 269 F.3d at 698. Furthermore, Beals has failed to show any cause to excuse his failure to raise the claims during his direct appeal or demonstrate actual prejudice resulting from the alleged violations. *Bousley*, 523 U.S. at 622. Accordingly, these claims are procedurally defaulted and are DENIED.

Moreover, even had these claims not been defaulted, they are meritless. In support for his sentencing disparity claim, Beals cites to *United States v. Malone*, 503 F.3d 481 (6th Cir. 2007). In *Malone,* the Sixth Circuit addressed the issue regarding potential sentencing disparities between the federal and state systems. 503 F.3d at 486. There, the federal trial court impermissibly imposed a sentence based upon what the district court believed a state court would impose on the defendant. *Id.* The Sixth Circuit found that the district court erred in doing so and held that sentencing disparities between the state and federal systems are inherent due to the "federalist

5

system involving two independent sovereigns each having their own criminal justice systems." *Id.* *Malone* does not address sentencing disparities among co-defendants in the same case.

Indeed, "[i]n considering a sentencing judge's obligation to address sentencing disparities under § 3553(a)(6), [the Sixth Circuit] has been clear that, 'the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct,' does not apply to co-conspirators." *United States v. Wallace*, 597 F.3d 794, 803 (6th Cir. 2010) (citing 18 U.S.C. § 3553(a)(6)). Although Beals alleges his sentence is disproportionate in length as compared to his co-defendants in violation of 18 U.S.C. § 3553(a)(6), his argument is does not reflect the purpose of the statute. As the Sixth Circuit explained—and the Government correctly noted—"this factor concerns *national* disparities between defendants with similar criminal histories convicted of similar conduct—not disparities between codefendants." *United States v. Mitchell*, 681 F.3d 867, 883 (6th Cir. 2012). Further, as the Sixth Circuit has highlighted, "disparities between codefendants can exist for valid reasons, including . . . differences in criminal histories and the decision of one to plead guilty and cooperate with the government." *United States v. Olds*, 309 F. App'x 967, 976 (6th Cir. 2009) (citing *United States v. Dexta,* 470 F.3d 612, 616 n. 1 (6th Cir. 2006), *cert. denied,* 551 U.S. 1171, (2007); *United States v. Nelson,* 918 F.2d 1268, 1275 (6th Cir.1990)). A district judge is not required to consider the disparity between the sentences of co-defendants. *Wallace*, 597 F.3d at 803.

In any event, while his sentence was loftier than many of his co-defendants, Beals in fact received a sentence significantly below his Sentencing Guideline range. Despite having an advisory Guideline Range of 262 to 327 months-imprisonment, the District Court varied from guidelines by almost seven years and sentenced him to 180 months. Beals has provided no evidence that his sentence involved errors involving lack of jurisdiction, constitutional violations,

6

or any non-constitutional errors constituting fundamental defects which inherently result in a miscarriage of justice. *Reed*, 512 U.S. at 348-49. Accordingly, this claim is baseless.

Additionally, Beals alleges that this Court sentenced him while "under the impression that a firearm was found or attributed to" him. [Doc. 434, pg. 16]. However, the record reflects that no firearm enhancements were applied. Although the District Court stated that it believed a firearm was involved, Beals attorney immediately advised the court that no firearm was involved in this case whatsoever. The District Court accepted that and proceeded to consider further the 3553 factors. Moreover, the PSR also does not apply a firearm enhancement. Thus, this claim is also meritless.

## IV. CONCLUSION

Beals has procedurally defaulted on the grounds he has raised in his motion to vacate filed pursuant to 28 U.S.C. § 2255. Further, even if he had not defaulted, both of the claims he raises are without merit and should be DENIED.

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. This Court CERTIFIES any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, any application by Defendant for leave to proceed *in forma pauperis* on appeal is DENIED. Rule 24 of the Federal Rules of Appellate Procedure. Defendant has failed to make a substantial showing of the denial of a constitutional right, *see* 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure, or reasonable jurists would disagree on the resolution of this matter, thus a certificate of appealability SHALL NOT BE ISSUED. *Slack v. McDaniel*, 529 U.S. 473, 484–85, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

A separate judgment SHALL enter.

It is so ordered.

s/ Leon Jordan
United States District Court Judge
